FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 13, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOUGLAS ALAN BARTLETT,<br><br>    Plaintiff,<br><br>    v.<br><br>JUDGE TONY HAZEL; COMMISSIONER TAMMY CHAVEZ; ATTORNEY GARY STENZEL; and KIM BARTLETT,<br><br>    Defendants. | No. 2:22-CV-00076-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the Court is Defendants' Motion to Dismiss, ECF No. 6, filed on May 11, 2022. The motion was considered without oral argument. Plaintiff is representing himself. Defendants Judge Hazel and Commissioner Chavez are represented by Matthew Cozza. Defendant Bartlett is represented by Michael Beyer. Defendant Stenzel has not filed a notice of appearance.

Plaintiff brings 42 U.S.C. § 1983 claims for violations of his First, Fifth, and Fourteenth Amendment rights. The claims arise out of pending family law proceedings before the Spokane County Superior Court. Plaintiff alleges that (1) Defendant Judge Hazel improperly held him in contempt of court, among other things; (2) Defendant Commissioner Chavez improperly awarded his ex-wife a protective order against him; (3) Defendant Stenzel presented fraudulent spreadsheets regarding his income at trial; and (4) Defendant Bartlett, Plaintiff's

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** *1

ex-wife, committed perjury and filed fraudulent evidence regarding domestic violence charges. ECF No. 1 at 7–8.

Having considered the parties' submissions to date and pertinent caselaw, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, and any amendment to the complaint would be futile. Accordingly, the motion to dismiss is granted.

## Pleading Standard

Pursuant to the Federal Rules of Civil Procedure, a pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). As the U.S. Supreme Court instructs:

> [A] complaint must contain sufficient factual matter, accepted as true, **to state a claim to relief that is plausible on its face**. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads fact that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis added) (citations and quotations omitted). When determining whether a complaint states a claim for relief, the Court accepts the facts alleged in a complaint as true. *Id.* at 664. However, mere legal conclusions "are not entitled to the assumption of truth." *Id.* The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Again, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** *2

## Discussion

Defendants argue that Defendants Judge Hazel and Commissioner Chavez are entitled to absolute judicial immunity, the Court lacks jurisdiction over this action under the *Rooker-Feldman* doctrine, and in any case, the Court should abstain from hearing the case under the domestic relations abstention doctrine. They ask that the Court dismiss the case.

Plaintiff responds summarily by claiming Defendant Judge Hazel violated his constitutional rights by considering fraudulent evidence at trial, Defendant Commissioner Chavez violated his First Amendment rights by the domestic violence protective order ruling, and the *Rooker-Feldman* doctrines requires a final judgment in a state case and does not apply "when a case is contaminated by fraud or violations of constitutional rights." ECF No. 7 at 2.

Construing Plaintiff's complaint liberally due to his *pro se* status, Plaintiff has failed to state a 42 U.S.C. § 1983 claim upon which relief can be granted and any amendment to the complaint would be futile.

First, Defendants Judge Hazel and Commissioner Chavez are entitled to judicial immunity, as Plaintiff's allegations concern conduct performed solely in their judicial function or "functionally comparable" to the conduct of judges. *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)). The alleged acts are a normal judicial function, which occurred from the bench on the court record in a pending case, and arose directly and immediately out of a confrontation with a judicial officer in his or her official capacity. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (quoting *Meek v. Cnty. of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999)). While a judge or judicial officer may be liable (1) where their actions were taken in clear absence of all jurisdiction, or (2) when they commit a "non-judicial act," Plaintiff does not allege either narrow exception, and in any case, the alleged conduct unquestionably constitutes a judicial act. *Stump v. Sparkman*, 435 U.S. 349, 357, 360 (1978).

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** *3

1     Second, Plaintiff has failed to state a § 1983 claim against Defendants
Stenzel and Bartlett, because Plaintiff does not allege Defendants were acting
under color of state law. 42 U.S.C. § 1983 authorizes individuals to sue the
government for civil rights violations. "The purpose of § 1983 is to deter state
actors from using the badge of their authority to deprive individuals of their
federally guaranteed rights and to provide relief to victims if such deterrence fails."
*Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Thus, a § 1983 claim requires a plaintiff
to show (1) the deprivation of a right, privilege, or immunity secured by the
Constitution and its laws by (2) a person acting under the color of state law. 42
U.S.C. § 1983.

Here, Plaintiff does not allege that either Defendant Stenzel or Bartlett were
acting under color of state law. "Although lawyers are generally licensed by the
States, 'they are not officials of government by virtue of being lawyers.'" *Polk
County v. Dodson*, 454 U.S. 312, 319 n.9 (1981) (quoting *In re Griffiths*, 413 U.S.
717, 729 (1973)). Similarly, a private party in adversarial litigation does not act
"under color of state law." *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir.
1991). Plaintiff also does not allege, much more plausibly allege, that either
Defendant corruptly conspired with a state actor. *Dennis v. Sparks*, 449 U.S. 24, 28
(1980).

Having determined that Plaintiff has failed to state a claim for relief which
can be granted, the Court declines to consider Defendants' additional arguments
regarding the *Rooker-Feldman* doctrine and domestic relations abstention doctrine
at this time. Given Plaintiff's detailed submissions, the Court also concludes that
any amendment to the complaint would be futile. *Rutman Wine Co. v. E. & J.
Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Thus, the complaint is dismissed
without leave to amend.

//

//

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** *4

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, ECF No. 6, is **GRANTED**.

2. The above-captioned action and all claims therein are **DISMISSED with prejudice**.

3. The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to file this Order, provide a copy to counsel and *pro se* Plaintiff, and close the file.

**DATED** this 13th day of July 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** *5